UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

HUSSEIN ALI,

Plaintiff,

v.

LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

Defendant.

Case No. 25-12566

HON. ______________________
United States District Judge

HON. ______________________
United States Magistrate Judge

---

## COMPLAINT

Now comes Plaintiff Hussein Ali, by and through counsel, and for his Complaint against Defendant Lincoln National Life Insurance Company, alleges as follows:

## Nature of Action

1. This is an action brought pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), to recover long term disability benefits owed under the terms of a group insurance contract by Lincoln National Life Insurance Company.

## Parties

2. Plaintiff Hussein Ali (hereinafter "Mr. Ali") is a resident of Wayne County, Michigan.

3. Defendant Lincoln National Life Insurance Company (hereinafter "Lincoln National" is an Indiana insurance company that regularly does business throughout Michigan, including Wayne County.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 § U.S.C. § 1331.

5. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## Count I: Claim for Long Term Disability Benefits Pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B)

6. At all material times, Mr. Ali was covered for long term disability benefits under the terms of a group insurance contract originally issued by Liberty Life Assurance Company of Boston to Mr. Ali's employer, ABC Appliance, Inc.

7. The Liberty Life contract was transferred to Lincoln National when Lincoln National bought Liberty Life.

8. Under the terms of the long term disability insurance contract, an employee is disabled when:
    a. during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and
    b. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.
9. For purposes of this definition of disability:
    a. "Own Occupation" means the Covered Person's occupation that he was performing when his Disability or Partial Disability began; and
    b. "Any Occupation" means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.
10. Mr. Ali was injured on June 26, 2019 when another car crashed into the rear end of his car as he was turning into a gas station.
11. Mr. Ali suffered injuries to his back, hips, and knees in the crash.
12. Mr. Ali initially tried to return to work a few days after the crash, but he was unable to continue, and he submitted a claim for short term disability benefits.

13. Lincoln National, acting under the name "Lincoln Life Assurance Company of Boston," conducted a thorough medical review and approved Mr. Ali's claim for short term disability for the full six months of eligibility, from July 24, 2019 to December 21, 2019.

14. At that point Mr. Ali's claim transitioned to long term disability, and Lincoln National conducted another review, approving long term disability benefits on February 20, 2020.

15. Lincoln National approved Mr. Ali's claim for long term disability benefits for two years, from December 28, 2019 through December 27, 2021.

16. Shortly after approving Mr. Ali's claim on February 20, 2020, Lincoln National began advising Mr. Ali that he should apply for Social Security Disability benefits.

17. On March 12, 2020, Lincoln National obtained approval from Mr. Ali to refer his claim for Social Security Disability benefits to the Advocator Group.

18. On November 4, 2020, Advocator Group notified Lincoln National that Mr. Ali's claim for Social Security Disability benefits was approved on the initial application, without requiring a hearing, and identified July 2, 2019 as Mr. Ali's disability date.

19. As a result of receiving the award of Social Security Disability benefits, Lincoln National required Mr. Ali to reimburse an overpayment of past long term disability benefits in the amount of $11,592.41, and Mr. Ali promptly made the payment to Lincoln National.

20. Lincoln National regularly reviewed Mr. Ali's claim and continued to approve it through December 27, 2021.

21. Lincoln National suddenly stopped paying benefits at that time while it reviewed Mr. Ali's claim further.

22. Seven months later, on July 29, 2021, Lincoln National notified Mr. Ali that: "We have completed a thorough review of your eligibility for benefits and have determined that benefits are not payable beyond December 27, 2021."

23. Lincoln National's letter terminating Mr. Ali's benefits actually confirmed that he suffers from multiple impairments as a result of a review by a Lincoln National consultant:

> The review noted that based upon the medical evidence you have chronic pain that dates back to2019 status post a motor vehicle accident that occurred on June 29, 2019. The records note that you had undergone medication management, imaging, injection therapy, physical therapy and frequent follow up visits. The imaging provides evidence of severe degenerative changes of your bilateral hips as well as hip dysplasia and impingement. There is curvature of your

> lumbar spine with retrolisthesis, facet arthropathy, and neural foraminal stenosis. There is furthermore noted knee joint effusion bilaterally.
>
> Your physical examination revealed curvature of your lumbar spine and your lumbar spine extension was noted as partial as well as your forward flexion range of motion was noted as partial as yours right lateral and left lateral flexion. You had a positive straight leg raise test and the records note that you have an antalgic gait but was noted as stable. Your range of motion of your right hip and forward flexion and extension was noted as partial and your internal rotation was 20° and external rotation was 35°. Your left hip forward flexion was partial with extension 35°, internal rotation 20°,and external rotation 35° and there was bilateral knee joint effusion. You exhibited 120° of flexion and 0° extension and the records note that you have an antalgic gait and utilizes a cane but was noted to be stable.

24. Among other things, the Lincoln National consultant found that Mr. Ali could not sit for a full workday, and that he would need rest breaks every hour of the workday.

25. The Lincoln National consultant identified multiple restrictive limitations for Mr. Ali, including no more than 5 pounds of lifting frequently and no more than 10 pounds occasionally.

26. Despite the severe limitations confirmed by the consultant, however, Lincoln National determined that Mr. Ali could work full time as either a order taking supervisor or a telephone solicitor.

27. Lincoln National retroactively terminated Mr. Ali's benefits as of December 28, 2021.

28. In doing so, Lincoln National acknowledged the award of Social Security Disability benefits that it had procured for Mr. Ali through the Advocator Group, but Lincoln National claimed that it had different information than the Social Security Administration justifying the termination of benefits.

29. Mr. Ali appealed Lincoln National's termination of his benefits, supplying an abundance of medical records supporting his limitations and restrictions.

30. Nevertheless, Lincoln National issued a final decision upholding its termination of Mr. Ali's benefits on August 18, 2022.

31. As part of the appeal process, Lincoln National procured a record review from a medical consultant who concluded:

> Dr. Jiab Suleiman denotes physical exam findings of positive straight leg raise, left hip tenderness upon palpation, and crepitus in bilateral knees at the patellofemoral joint. Dr. Ashraf Mohamed denoted on OVN (dated December 1, 2021) diagnostic imaging of lumbar spondylosis at L4-L5 and L5-S1 bilaterally. Given the current pathologies, reported claimant complaints, physical exam findings, and correlating diagnostic imaging; the severity of the claimant's condition is of such severity that it supports functional impairment from 12/27/2021 to the present.

32. Another Lincoln National medical consultant confirmed that Mr. Ali would need rest breaks every hour of the workday and that Mr. Ali's "complaints of pain and limitation have been consistent, durable, supported by numerous reports, and there has been no signs of malingering or symptom embellishment."

33. Lincoln National still concluded that Mr. Ali was capable of full-time work and upheld the termination of his benefits.

34. Lincoln National wrongfully terminated Mr. Ali's benefits under the terms of the long term disability insurance contract, and Lincoln National's wrongful denial of benefits was made in bad faith.

35. Mr. Ali has exhausted his administrative remedies, and he has no further recourse other that filing this action to recover the benefits that have been wrongfully denied by Lincoln National.

36. ERISA authorizes insureds such as Mr. Ali to recover benefits and enforce their rights to benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

37. Therefore, it would be appropriate for the Court to award Mr. Ali the benefits to which he is entitled under the terms of the long term disability insurance contract and ERISA, 29 U.S.C. § 1132(a)(1)(B), with interest.

38. It would also be appropriate for the Court to award Mr. Ali the costs and reasonable attorney fees incurred in this action pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

## Request for Relief

Wherefore, pursuant to 29 U.S.C. § 1132, Plaintiff requests this Honorable Court to enter judgment in his favor against Defendant for the full amount of long term disability insurance benefits owed, together with appropriate costs, interest, and statutory attorney fees.

Respectfully submitted,

*s/Robert B. June*
Robert B. June
Law Offices of Robert June, P.C.
Attorney for Plaintiff
415 Detroit Street, 2nd Floor
Ann Arbor, MI 48104-1117
(734) 481-1000
bobjune@junelaw.com

Dated: August 18, 2025