UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **HUSSEIN ALI,**<br>Plaintiff,<br>vs.<br>**LINCOLN NATIONAL LIFE INSURANCE COMPANY,**<br>Defendant. | **2:25-CV-12566-TGB-DRG**<br>HON. TERRENCE G. BERG<br>**CASE MANAGEMENT SCHEDULING ORDER FOR REVIEW OF ERISA ADMINISTRATIVE DENIAL OF BENEFITS** |

| **DEADLINE SUMMARY** | |
|---|---|
| Standard of Review | Wednesday, October 22, 2025 |
| Administrative Record (filed under seal) due | Thursday, November 6, 2025 |
| Procedural Challenges due | Thursday, November 27, 2025 |
| Joint Appendix due | Sunday, December 21, 2025 |
| Cross motions for judgment due | Monday, January 5, 2026 |
| Responses due | Monday, January 26, 2056 |
| Hearing date to be set after motions are filed. | |

Upon review the Court has determined that this appears to be a claim for benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. An answer has been filed by the Defendant in the above matter, therefore,

**IT IS HEREBY ORDERED:**

**1. ERISA ADMINISTRATIVE DENIAL OF BENEFITS REVIEW REQUIREMENTS**:

Proceedings in this case must be conducted in accordance with the guidelines set forth by the United States Court of Appeals for the Sixth Circuit in *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998):

A) As to the merits of the action, the district should conduct a de novo (or arbitrary and capricious, as appropriate) review based solely upon the administrative record, and render findings of fact and conclusions of law accordingly. The district may consider the parties' arguments concerning the proper analysis of the evidentiary materials contained in the administrative record, but may not admit or consider any evidence not presented to the administrator.

B) The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on the administrator's part. This also means that any pre-hearing discovery at the district court level should be limited to such procedural challenges.

C) The summary judgment procedures set forth in Rule 56 of the Federal Rules of Civil Procedure are inapposite to ERISA actions and thus should not be utilized in their disposition.

**2. AGREEMENT TO RESOLVE CASE PROCESSING ISSUES:**

Plaintiff's counsel must convene a meeting of all attorneys as soon as practicable to discuss and attempt to resolve the various case processing issues noted in this order. At the discretion of counsel, the meeting may be held by telephone.

**3. STANDARD OF REVIEW:**

The parties shall file a statement as to the appropriate standard of review in this case. If the parties agree as to the applicable standard, they may file a stipulation to that effect in lieu of separate statements.

**4. ADMINISTRATIVE RECORD:**

The defendant shall serve a copy of the administrative record upon counsel for the plaintiff. If the administrative record does not include the employee benefit plan and summary plan description, the defendant must obtain those documents and include them with the service package.

**5. STATEMENT REGARDING PROCEDURAL CHALLENGE IN ERISA CASE:**

Each party shall file a pleading entitled "Statement of Procedural Challenge in ERISA Case" or "Statement of No Procedural Challenge in ERISA Case" as appropriate. The Statement shall indicate whether the party asserts a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias and shall indicate with particularity the nature of the procedural challenge and the presently-known factual and legal bases to assert it.

In the event there is such a procedural challenge, the date for filing Cross Motions set in paragraph 6 below shall be deemed adjourned and the Court will set a conference to determine whether permitting limited discovery is appropriate and whether briefing is necessary to resolve the threshold issue.

**6. <u>ERISA CROSS MOTION PRACTICE</u>:**

In the event that neither party asserts a procedural challenge, or after that procedural challenge is resolved, motion practice will consist of the following four steps:

A) Defendant shall file for the parties an agreed-upon joint appendix consisting of all pertinent plan documents and the administrative record, under seal by the date listed above.

B) Plaintiff and Defendant, in accordance with the schedule set forth on page one of this order, will file a cross "Motion for Judgment" including a brief, arguing to either reverse or affirm the administrator's decision as the case may be. The brief must analyze the evidentiary materials contained in the plan documents and the administrative record. Parties must also attach to the brief a document containing proposed findings of fact and proposed conclusions of law in separately numbered paragraphs.

C) Plaintiff and Defendant will file "Response to Motion for Judgment" including a brief that responds to the separately

numbered paragraphs contained in the motion for judgment. The brief must analyze the evidentiary materials contained in the plan documents and the administrative record.

**Hearings: The parties will be advised by the court of any hearing dates**.

**IT IS SO ORDERED.**

Dated: September 22, 2025 /s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE